WILLIAM GAILEY *vs.* JOHN WASHINGTON'S Executrix.

The promise of an administrator will not revive a debt barred by the old act of limita-
tion, on 1st September, 1829.
The case of *Bennington* vs. *Parkin's adm'x.*, (1 *Harr. Rep.* 128,) questioned.

ASSUMPSIT. Pleas, non-assumpsit; payment; discount, and the act of limitation.

The action was on a book account of long standing, for a boot and shoe bill. The book of original entries was very irregular; sometimes in ledger form; sometimes in day book entries; sometimes balances; sometimes items, and frequently scratched and erased. It was objected to on this account.

*The Court* said, they must act with caution in rejecting books of account altogether. If it appeared from the face of the account that it was not fairly kept, it would be their duty to reject it; but as to what constitutes a regular book of original entries, it must be understood with considerable allowance. Among illiterate men, the mode of keeping accounts must frequently be defective: scores on an old mantle piece have been treated as a good original entry; so marks on a board, or notches on a stick. The best general rule will be, unless something clearly wrong appears from the account, to admit it in evidence leaving it to the jury to consider its weight, otherwise great injustice may be done to poor and illiterate men. The book was admitted.

The account commenced in 1823, and continued down to 1833.

All the items for 1827-8-9 and 1830, were erased; the items of the account for 1831 were not sustained by any entries on the book; and those for 1832 were scratched off. The questions, therefore were—1st. whether payment should not be presumed, as to the items for 1823-4-5 and 6; and 2ndly. whether they were not barred by the act of limitation, viz: the act of 30th January, 1829.

John Washington died in October, 1833. Within two years past, the administratrix acknowledged the debt after inspecting the account, and promised to pay it.

*Hamilton,* for plaintiff, relied on this promise as taking the case out of the act of limitation; and cited *Bennington* vs. *Parkins' adm'x.,* 1 *Harr. Rep.* 128, to which:

*Bayard,* for defendant, replied that the Court of Errors and Appeals in the same case, did not sanction the decision of the court below on this point, but rested their judgment on a different ground. *Parkins' adm'x.* vs. *Bennington,* 1 *Harr. Rep.* 209. The act of 30th January, 1829, (7 *Del. Laws* 271,) repeals all the old limitation acts from and after the 1st of September 1829, and enacts that all causes of action which should be barred on that day should remain barred.

*Per Curiam.*

J. M. CLAYTON, *Chief Justice.*—The account here sued upon, is of very long standing. The entries for several years are erased; at what time, or by whom, does not appear; but all the charges subsequent to 1826, are scratched off. The plaintiff now produces a proved account, not as an account stated between the parties, but as a mere statement drawn from his books, and which the books ought to support. All the items of this account, from 1826 down, are either struck from the book or are not found there to sustain the account. On this state of the case, the question put to us, is whether these items of the account prior to 1826, were not barred by the act of 1829, which declares that all accounts which were barred on the 1st of September 1829, shall stand and remain barred. And we charge the jury that this account, which shows no items since 1826, and which was barred on the 1st of September 1829, remains barred, notwithstanding the subsequent acknowledgement of Mrs. Washington.

Verdict for defendant.

*Hamilton,* for plaintiff.
*J. A. Bayard,* for defendant.